IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD L. POLLARD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0504 |
| | § | |
| UTMB, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Plaintiff Richard L. Pollard, a state inmate proceeding *pro se*, filed this section 1983

complaint alleging that defendants were deliberately indifferent to his serious medical needs.

After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes

that this case must be dismissed for the reasons that follow.

### *Background and Claims*

Plaintiff reports that defendants, who were his prison physicians and surgeons through

UTMB, removed his "healthy" adrenal gland, which they had mistakenly believed to be

cancerous.  Plaintiff complains that he consented to the surgery because defendants had

"stressed urgency" regarding the tumor they found on his adrenal gland.  Plaintiff complains

that they were deliberately indifferent because they "failed to follow [the] Diagnostic Service

Manual" in that he "had none of the symptoms alleged by the doctors/defendants."  He also

claims that the defendants were negligent.  He seeks $25 million in compensatory and punitive damages.

### *Analysis*

Under 28 U.S.C. § 1915(A), the district court must scrutinize the basis of a prisoner's civil complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  Payment of the filing fee does not preclude dismissal of a *pro se* case as frivolous or for failure to state a claim.

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983.  However, section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers."  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Id*.

2

The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994).  A prison official may not be held liable under this standard pursuant to section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 837.  Plaintiff must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff asserts in the instant case that defendants were deliberately indifferent to his serious medical needs by removing a non-cancerous adrenal gland, in violation of his Eighth Amendment protections against cruel and unusual punishment.  Plaintiff admits, however, that these defendants were of the medical opinion that the adrenal gland was cancerous and needed to be immediately removed; indeed, plaintiff complains that they "stressed urgency" in the need to remove the organ.  It is clear from plaintiff's pleadings that the defendants, in the exercise of medical judgment, determined that the adrenal gland needed surgical removal. That their medical judgment, in hindsight, may have been incorrect does not give rise to deliberate indifference.

3

At most, plaintiff's assertions give rise to a claim for state law negligence. Negligent conduct by prison officials does not constitute a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983."); *Bennett v. Louisiana ex rel. Dep't of Pub. Safety and Corr.*, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. 2009) (affirming dismissal of plaintiff's wrongful death claim against prison officials, reasoning that "[w]hile the Appellees may very well have exercised poor medical judgment in not performing additional tests on [the deceased prisoner], [plaintiff] has not shown that their actions rise to the level of deliberate indifference").

Plaintiff has not stated a claim of constitutional dimension, and this lawsuit must be dismissed. For that reason, the Court declines to exercise ancillary jurisdiction over any state law claims raised in plaintiff's complaint.

### Conclusion

This lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. The Clerk will provide a copy of this Order to the parties.

Signed at Houston, Texas, on October 7, 2009.

_____
Gray H. Miller
United States District Judge

4